UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUDITH SHERMAN
THOMAS SHERMAN

    Plaintiffs,
V.                                          CIVIL ACTION NO.

K TOWN AUTOMOTIVE LLC           JURY TRIAL

PERSIAN ACCEPTANCE CORP.

    Defendants.                           MAY 14, 2013

## COMPLAINT

**FIRST COUNT:**   VIOLATION OF THE TRUTH IN LENDING ACT

    1. This is an action for damages for violation of The Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and for violation of the Federal Odometer Act 49 U.S.C. § 32701 et seq., ("Odometer Act") and for violation of the CT Creditors Protection Act § 36a – 645 et seq. ("CCPA") and for violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat., et seq., and for Revocation of Acceptance CGS § 422a – 608.

    2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§ 1331 and 1367.

    3. Plaintiffs are residents of the Town of Canterbury, County of Windham and State of Connecticut.

4. Defendant, K Town Automotive LLC hereinafter (" K Town") is a Domestic Corporation acting under the laws of the State of Connecticut, with a place of business at 574 Wauregan Road, Danielson, CT 06239.

5. Defendant Persian Acceptance Corporation hereinafter ("Persian ") is a foreign corporation and is authorized to do business by the Department of Banking and is located at 101 Edgewater Drive, Ste 112, Wakefield, MA 018801 and the assignee of the retail installment contract- Simple Finance Charge ("RIC") and pursuant to the Contract " ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOOD OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER" See Exhibit 1.

6. At all times herein both defendants in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

7. Both Defendants are creditors within the meaning of C.G.S. § 36a-676, et seq. and 15 U.S.C. § 1601, et seq. and regulation promulgated hereunder.

8. On or about April 23, 2013, plaintiffs entered into a consumer credit transaction with K Town that was assigned to Persian to buy a car for personal, family or household use to wit:, a 2004 Nissan Maxima, VIN # 1N4BA41E04C849515 ("The Vehicle or Vehicle") .

9. The purpose of the TILA is to provide meaningful disclosures of credit terms so

that the consumer will be able to compare more readily the various terms available to them.15 U.S.C. s 1601(a).

10. Meaningful disclosure means accurate and intelligible disclosures. *Bizler v. Globe Fin. Servs., Inc. 654 F.2d (1ST Cir. 1981)*.

11. K Town charged plaintiffs $1,080.00 for a service contract and failed to disclose to plaintiffs, in the Itemization of the RIC, that it had retained several hundred dollars and failed to include that retained profit in the finance charge, *Official Staff Commentary §226.18(c )(iii)-1*.

12. K Town increased the advertised price of The Vehicle by approximately $1000.00, to plaintiffs, when it became aware that they had poor credit. The price increase was told to plaintiffs by "Josh (sales manager) and he said the reason was they had to raise the price was because the bank was only giving them a certain amount and this is how it works when there are credit issues.

13. K Town overcharged plaintiffs approximately $63.00 in Connecticut Sales Tax when it increased the advertised price of The Vehicle by approximately $1,000.00.

14. K Town failed to provide Plaintiffs with the required written disclosures in a form that they may keep before credit was extended as required by TILA.

15. On information and belief Persian supplied K Town with blank copies of the RIC used in this transaction and had knowledge that K Town did not disclose that money it retained from the service contract on the RIC in violation of TILA.

16. When K Town's increased the sales price of The Vehicle approximately

$1,000.00 over the advertised price due to plaintiffs' alleged credit history; and failed to disclose to plaintiffs that it retained several hundred of dollars from the $1080.00 from the sale of the service contract it charged plaintiffs and then charged plaintiffs additional CT sales tax on the $1,000.00 price these violations increased the Annual Percentage Rate ("APR") and the finance charge all in violation of TILA.

17. Plaintiffs have suffered monetary loss and emotional distress as a result of both defendants' actions.

**SECOND COUNT: VIOLATION OF THE CT CREDITORS PROTECTION ACT**

18. The allegations of Count One are repeated as if fully set forth herein.

19. On April 20, 2013 plaintiffs signed an Odometer Disclosure Statement provided to them by K Town with an odometer reading of 109690, Exhibit 2.

20. On April 23, 2013 plaintiffs signed the financing documents, known as the RIC.

21. Plaintiffs were a "transferees:" as defined by 49 C.F.R. § 580.3.

22. K town was a "transferor" as defined by 49 C.F.R. § 580.3

23. K Town was required to comply with the Odometer Act and its implementing regulations 49 C.F.R. 58. et seq.

24. On or about April 20, 2013plaintiffs were ready to purchase The Vehicle however, after driving it they told K Town that the speed-odometer did not functioned, K Town told plaintiffs to take The Vehicle and maybe it would start working and plaintiffs drove The Vehicle home.

25. On April 23, 2013 plaintiffs returned to K Town and signed the documents and drove to their home about 10 miles from the dealership. Upon arrival, plaintiffs discovered that the odometer did not increase in numbers from the odometer statement Exhibit 2 of 109,690.

26. On or about April 24, 2013 K Town picked up The Vehicle at plaintiffs' home as it was not functioning and plaintiff Judy Sherman rode back to the dealership in the truck. Ms. Sherman informed Gary Sousa, a principle in K Town that the odometer did not operate. He said the odometer cannot be off more than 20-30 miles as he had driven The Vehicle the week before. Ms. Sherman also informed Mr. Sousa that the speed-odometer does not operate and he said he was aware of that issue and would repair it.

27. On April 30, 2013 Ms. Sherman went to K Town to pick up The Vehicle because she first was informed the odometer was 100% operating. When she arrives at K Town Mr. Sousa approached her saying that the odometer has stopped operating. On that date The Vehicle had an odometer reading of 109,705.

28. May 3, 2013 plaintiffs picked-up The Vehicle with a reading of 109692 on the odometer.

29. 49 U.S.C. § 32704 states:

> "(a) Adjusting Mileage – A person may service, repair, or replace
> An odometer of a motor vehicle if the mileage registered by the
> Odometer remains the same as before the service, repair or replacement.
> If the mileage cannot remain the same –
>
> (1) The person shall adjust the odometer to read zero; and
>
> (2) The owner of the vehicle or agent of the owner shall attach

> a written notice to the left door frame of the vehicle specifying
> The mileage before the service, repair or replacement and the
> date of the service, repair or replacement."

30. K Town with intend to defraud failed to follow the terms of 49 U.S.C. §32704 when it released The Vehicle to plaintiffs on several occasions with a defective odometer.

31. Exhibit 2 entitled "ODOMETER DISCLOSURE STATEMENT" in relevant part states;

> " . . . that the odometer now reads 109690  (no tenths) miles
> and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements are checked.
>
> (1)   I hereby certify that to the best of my knowledge the odometer reading reflect the amount of mileage in excess of it mechanical limits.
> (2)   I hereby certify that the odometer reading is NOT the actual mileage.
> WARNING-ODOMETER DISCREPANCY."

32. K Town failed to check BOX 2 that the odometer reading on The Vehicle was not the actual mileage thereby, creating an intent to defraud plaintiffs.

33. K Town has violated 49 U.S.C. § 32705 as a Transferor knows that the cumulative mileage registered by the odometer or that the mileages is unknown if the transferor knows that the mileage registered by the odometer is incorrect. 49 U.S.C. § 32705(A)(1) and transferors as K Town is, are prohibited from making false statements in these disclosures 49 U.S.C. § 32705(A)(2).

34. K Town violated 49 U.S.C. § 32703 with intend to defraud, when it operated

The Vehicle on streets, roads, or highways by K Town with a disconnected or inoperable odometer.

35. The Odometer Act requires that after servicing, if the odometer does not reflect the same mileages as before then the odometer must be adjusted to zero, and written notice attached to the left frame door specifying the date of service and the mileages before service.

36. When a transferor instead discloses the mileages shown on the reset odometer the transferor must state the mileage as inaccurate, and K Town failed to provide plaintiffs the proper information in paragraph 34 and 35.

37. Plaintiffs have suffered economic damage an emotional distress as a result of K Town's actions.

### THIRD COUNT: VIOLATION OF CREDITORS PROTECTION ACT

38. The allegations of Count One are repeated as if fully set forth herein.

39. K Town was a creditor as defined by § 36a-645(2)

40. Plaintiffs were consumer debtors as defined by § 36a-645(1).

41. Plaintiffs incurred a "Debt" arising from an obligation to K Town as defined in § 36a-645(3).

42. K Town violated § 36a-648 when it fraudulently or deceptive told plaintiffs that it had to increase the price of The Vehicle by $1,000 plus approximately $63 in CT sales tax based on their alleged poor credit.

43. Plaintiffs have suffered an economic loss and emotional distress based on K

Town's action.

## FOURTH COUNT: REVOCATION OF ACCEPTANCE

44. The allegations of Count One and Count Two are repeated as if fully set forth herein.

45. Plaintiffs hereby give notice to K Town and to Persian that that are revoking acceptance of The Vehicle due to receiving a false odometer statement that fails to reflect the true mileage of The Vehicle.

46. The nonconforming of the odometer reading impairs the value of The Vehicle.

47. Plaintiffs have suffered damages as a result of K Town's actions.

## FIFTH COUNT: VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

48. The allegations of Count One, Count Two and Count Three are repeated as if fully set forth herein.

49. K Town has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat. et seq., including, but not limited to failing to disclose to plaintiffs accurate financial terms of the transaction.

50. K Town's actions were fraudulent in that it knew that plaintiffs alleged poor credit history was not a legal reason to raise the advertised price for The Vehicle by $1000.00 plus CT sales tax.

51. K Town's representation was made to induce plaintiff sto sign the RIC.

52. Plaintiffs relied on the false representations made by K Town for the

additional increase in the sales price of The Vehicle and sales tax based on their alledged poor credit.

53. K Town committed a deceptive act when it prepared Plaintiff's Exhibit #1 the odometer disclosure statement knowing that the odometer did not operate.

54. As a result of K Town's' actions, plaintiffs have suffered monetary damage and emotional distress.

**WHEREFORE, it is respectfully prayed that this Court:**

1. Award plaintiffs statutory damages of $2,000, actual damages, compensatory damages, costs and a reasonable attorney fee on Count I.

2. Award plaintiffs statutory damages, actual damages and punitive damages and costs and reasonable attorney fees on Count II.

3. Award plaintiffs actual damages, statutory damages and reasonable attorney fees and costs on Count III.

4. Award Plaintiff actual damages, costs and reasonable attorney fees on Count IV.

5. Order return of The Vehicle to K Town and or Persian, including return of all monies by plaintiffs paid by them to defendants, and a full release from the RIC.

6. Award such other or further relief, as the Court deems just or equitable including return of The Vehicle to K Town and or Persian

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
1204 Main Street Suite 176
Branford, CT 06405
(443) 607-8901 Phone
(443) 440-6372 Fax
Fed. Bar # CT00680
bernardtkennedy@yahoo.com